**Rigoberto BRITO GARIBALDO; Alicia Nava Amescua, Petitioners,**

v.

**Michael MUKASEY,\* Attorney General, Respondent.**

No. 04–72565.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.\*\*

Filed Jan. 22, 2008.

Dozie Ike Ezeife, Samuel U. Nwobodo, Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioners.

---

\* Michael Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

MEMORANDUM \*\*\*

Rigaberto Brito Garibaldo petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming without opinion a decision of the Immigration Judge (IJ) denying Garibaldo's application for cancellation of removal. We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Where, under the BIA's streamlining procedures, a single member of the BIA affirms the IJ's decision without opinion, the IJ's decision becomes the final agency action, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004), and we review the IJ's decision, *Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005). We review *de novo* the determination of questions of law. *Gonzalez de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We re-

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view findings of fact under the deferential substantial evidence standard, and will uphold them unless the evidence compels a contrary result. *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004).

In determining Garibaldo's request for cancellation of removal, the IJ began by incorrectly asserting that Garibaldo had been convicted of violating California Penal Code § 136.1(b)(1). The IJ then proceeded to analyze whether a conviction under § 136.1(b)(1) was a conviction for a crime involving moral turpitude.

Unfortunately, the record indicates that Garibaldo was in fact convicted of violating § 136.1(b)(2), not § 136.1(b)(1). There is no evidence in the record to support the IJ's factual finding that Garibaldo was convicted under § 136.1(b)(1). Thus, the IJ's entire analysis was based on an erroneous assumption. Therefore, we must grant Garibaldo's petition for review and remand for further proceedings. We need not, and do not, reach any other issue raised by the parties.

**PETITION GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.